UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Danyhuska Viola,<br><br>                    Plaintiff,<br>       v.<br><br>One Main Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 1:14-cv-2858<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Danyhuska Viola, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Danyhuska Viola ("Plaintiff"), is an adult individual residing in Irving, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, One Main Financial Services, Inc. ("One Main"), is a Maryland business entity with an address of 300 St. Place, Baltimore, Maryland 21202, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by One Main and whose identities are currently unknown to the Plaintiff. One Main or more of the Agents may be

joined as parties once their identities are disclosed through discovery.

6. One Main at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, One Main began calling Plaintiff's cellular telephone, number 214-XXX-6604.

8. One Main called Plaintiff using an automated telephone dialing system ("ATDS") and by using an artificial or prerecorded message.

9. When Plaintiff answered calls from One Main she heard a prerecorded message instructing Plaintiff to wait for the next available representative.

10. During several live conversations, Plaintiff informed One Main that she could not afford to repay the debt at that time and that she was recovering after a surgery and as such, demanded that all calls to her cease immediately.

11. Thereafter, despite having been so informed and directed to cease communications, One Main continued placing automated calls to Plaintiff's cellular telephone on a daily basis.

12. One Main originally had Plaintiff's express consent to call her cellular telephone, however Plaintiff revoked her consent during the initial live conversation. Accordingly, One Main no longer had Plaintiff's consent to place automated calls to her cellular telephone.

13. Nonetheless, One Main continued calling Plaintiff using a prerecorded voice at an excessive rate as aforementioned.

14. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

17. Defendant continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 9, 2014

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF